UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLETA REYNOLDS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:06-cv-383-JCH |
| CINDY PRUDDEN, NANCY YONKERS and ROBERT CAPOWSKI, | ) ) ) ) |
| Respondents. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the petition of Cleta Reynolds for a writ of habeas corpus and her application for leave to commence this action without payment of the required filing. *See* 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, petitioner will be granted leave to proceed in forma pauperis.

### The petition

Petitioner, a state prisoner currently confined at the Women's Eastern Reception and Diagnostic Correctional Center, seeks immediate release from imprisonment on medical parole. Petitioner states that she suffers from a heart condition, dialated cardiomyopathy, and is in need of a heart transplant.

### Discussion

Upon review of the petition, the Court finds no indication that petitioner has exhausted her state remedies relative to the above-mentioned claim. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal

habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present her claim to the state courts by any currently available and adequate procedure. Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Audrain County, Missouri, which was denied on May 20, 2005. Her conclusory assertion that appealing such denial to the Missouri Supreme Court "would be a waste of time" does not constitute an exceptional circumstance and excuse her from satisfying the exhaustion requirements of § 2254. The Court perceives no procedural bar such that the Court should treat petitioner's claim as if it were exhausted. *See Teague v. Lane*, 489 U.S. 288, 298 (1988). Accordingly, the Court finds that petitioner has an available procedure that she must exhaust and will dismiss the petition without prejudice.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to the respondents, because the instant action shall be dismissed, without prejudice. *See* 28 U.S.C. § 2243.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus [Doc. 2] be **DENIED**.

An appropriate order shall accompany this memorandum and order.

Dated this 14th day of March, 2006.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**